UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROSEMARY N.A.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,<br><br>KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and<br><br>PAMELA BONDI, *United States Attorney General*,<br><br>　　　　　Respondents. | Civil No. 26-832 (JRT/JFD)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 29, 2026, Petitioner Rosemary N.A. filed a Petition for Writ of Habeas Corpus. (Petition for Writ of Habeas Corpus ("Pet.") ¶ 1, Jan. 29, 2026, Docket No. 1.) Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials on January 29, 2026, while attending an ICE check-in. (*Id.* ¶ 15.) Because the Court concludes that it has jurisdiction and that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner is a citizen of Colombia and a resident of Minneapolis. (Pet. ¶ 14.) She has no criminal history and is employed as a baker at a local bakery. (*Id*.) Petitioner is pursuing an asylum application. (*Id.* ¶ 17.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025); and *Iishaar-Abdi v. Klang*, Civ. No. 25-4686, 2025 WL 3764853, at *1 n.2 (D. Minn. Dec. 30, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed*

2

*M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Rosemary N.A.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** including location tracking or mandatory check-ins.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 8, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  February 5, 2026   \_\_\_\_\_/s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.   JOHN R. TUNHEIM
United States District Judge

4